## W. R. COVINGTON *v.* MARY B. SCOTT.

**Judgment—Clerical Misprision—Motion.**

A clerical misprision is the erroneous entering or recording of a judgment rendered by a court, and may be corrected by motion.

**Judgment Correctly Entered.**

A judgment correctly entered but which is erroneous cannot be corrected by motion, but must be appealed from.

### APPEAL FROM WARREN CIRCUIT COURT.

October 9, 1874.

Opinion by Judge Lindsay:

There is nothing upon the face of the judgment of August 13, 1864, indicating an error upon the part of the clerk in entering it in the order book. It is true it speaks of the sum ordered to be paid into court, as the amount of these notes, when as matter of fact the petition set up four notes; but it further appears that the circuit court judicially determined that the payment into court of said sum, discharged the lien on the land sold by Simpson's executor to Covington, and that it made up the full balance of the purchase money due by Covington. It is possible that this judicial determination was erroneous, and that upon appeal the judgment of the circuit court would have been reversed; but the mistake of the court in ascertaining and adjudging the amount of the indebtedness was an error of judgment, and not a clerical misprision. We understand a clerical misprision to be the erroneous entering or recording of the judgment actually rendered by the court. An error of this character will always be corrected upon motion, when there is anything in the record to correct by, and it is immaterial whether the mistake be occasioned by the court or the clerk; but when the judgment actually rendered is correctly entered or recorded, it can, in no case, be treated as a clerical error, although it may be manifestly erroneous.

Appellee, in her notice, does not assume that there was any mistake made by the clerk, but that there had been a mistake made in the calculation of the interest due on the notes sued on. It is palpable from the record, that this calculation was not made by the clerk, and that the mistake in this regard (if one was made) was the mistake of the parties or of the court, in ascertaining the amount due, and that it was in no sense a clerical error. The circuit court did not adjudge that there was a clerical misprision, but that Covington had not paid into court the full amount of his indebtedness, and therefore it further adjudged that he should pay to appellee the further sum of $820, with interest from August 13, 1864. This was substantially a reversal of so much of the judgment rendered nearly nine years before, as determined that the full amount due on the notes had been paid into court, and the lien thereby discharged. It is not pretended that the circuit court has any such power as this.

The judgment of February 19, 1873, is *reversed* and the cause remanded with instructions to dismiss the motion.

*A. Duvall, J. P. Bates, for appellant.*
*A. James, for appellee.*