## Chapman v. Commonwealth.

(Decided May 15, 1923.)

## Appeal from Martin Circuit Court.

1.  Criminal Law—Motion in Arrest can Only be Made at the Term and Raises Question of Sufficiency of Indictment.—Under Criminal Code of Practice, sections 276, 277, motion in arrest of judgment must be made in the lower court during the term the judgment was rendered, and only raises the question whether the facts alleged constitute a public offense within the court's jurisdiction.

2.  Criminal Law—Jurisdiction of Appeal from Void Judgment, or from Order Refusing to Set it Aside, is in Court of Appeals.—When judgment is void, a direct appeal therefrom under Criminal Code of Practice, section 335, or an appeal from an order overruling defendant's motion to set it aside under Civil Code of Practice, section 763, is sufficient to give the Court of Appeals jurisdiction.

3.  Criminal Law—Judgment, if Merely Erroneous or Irregular, Held not Reviewable in State of the Record.—On appeal from judgment of conviction, and from order denying motion to set it aside, without any reference to the verdict, motion for new trial, bill of exceptions, or motion in arrest, the question whether the judgment is merely erroneous or irregular cannot be considered.

4.  Criminal Law—Sentence and "Judgment" are Nullities if Entered Without Verdict.—The "judgment" is merely the expression or declaration of the legal effect of the verdict and both sentence and judgment follow the verdict, and cannot exist without it, and are nullities if entered in absence of verdict.

5.  Criminal Law—Return of Verdict Not Presumed When Not Shown by Record.—While every reasonable intendment and presumption will be indulged in favor of judgments of courts of general jurisdiction, courts speak only by their records, and when the record shows absence of essential jurisdictional fact, such as return of verdict, the fact cannot be supplied by presumption.

6.  Criminal Law—Entry of Verdict After Term Held Not a Nunc Pro Tunc Order.—The entry in the court's order book of what purported to be a verdict long after the court had adjourned and its orders had been signed and it had lost all control over them was a nullity, and in no sense a nunc pro tunc order.

7.  Criminal Law—Entry of Verdict Nunc Pro Tunc Fixes Time for Moving for New Trial, Appeal, and Filing of Bill of Exceptions.—When verdict is omitted from the record, if it may properly be entered by nunc pro tunc order, the date of entry should be accepted as the date of the final order for purpose of taking an appeal and moving for new trial and filing bill of exceptions.

C. B. WHEELER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Judge McCandless—Reversing.

This is an appeal from a judgment of the Martin circuit court sentencing appellant to the penitentiary for life, and from an order overruling a motion to set it aside.

In order that it may be fully understood a brief statement of the entire record is necessary. This is fragmentary and badly confused.

It appears that on the first day of December, 1921, being the fourth day of the regular November, 1921, term of that court, an indictment was returned charging appellant with murder. The case was assigned for trial on December 5th. On that day the case was again called and passed; on the 8th day of December it was again called and defendant's motion for a continuance overruled. A jury was impaneled and sworn and defendant's plea stated and the jury placed in charge of the sheriff; on December 9th the only order entered was:

"The jury in this case being unable to reach a verdict on today, they are placed in the custody of the deputy sheriff, Frank Delong, under the usual admonition of the court."

On December 10 there was an order stating that the case was called for trial and that the defendant asked a continuance which was overruled, etc., this evidently being put on by inadvertence. The only other order appearing in the record at that term of court is the judgment entered on the 10th day of December, the 12th day of the term, which reads as follows:

"The defendant, Frank Chapman, was this day brought into open court and being informed of the nature of the indictment, plea and verdict of the jury, was asked if he had any legal cause to show why the judgment should not be pronounced against him; and none being shown it is adjudged by the court that the defendant be taken by the sheriff of Martin county to the State Penitentiary at Frankfort, Ky., and there confined at hard labor during his natural life."

The appellant brought the transcript to this court on appeal, there being no verdict of a jury, motion for a new trial nor bill of exceptions in the record.

Later, through his counsel he served notice on the Commonwealth's attorney and in pursuance thereto, at the November, 1922, term of the court filed a motion to redocket the case and to set aside the judgment of De-

cember 10, 1921, sentencing him, on the ground that it was entered without being based on the verdict of the jury and therefore void. The case was docketed and the motion overruled, to which he excepted and appealed.

At the same term the circuit judge entered an order in the regular order book in a blank space found therein over the signed orders of December 7, 1921. This order reads as follows:

"The jury herein returned into court the following verdict: 'We the jury agree and find the defendant guilty of wilful murder, and fix his punishment at confinement in the penitentiary for life.' L. L. Endicott, one of the jury."

Upon learning this appellant's counsel entered a motion to have it expunged and stricken from the record on the ground that it was not entered on the 7th day of December, 1921, but was entered on November 29th, 1922, without any authority of law, and without notice to him. The court's ruling on this motion was as follows:

"Upon consideration of said motion it is agreed by the parties that said order was so entered at this term of court without notice except that the case was still pending on this court's docket and that as entered it now appears to have been entered on said date December 7, 1921; upon proof heard in open court it appears that the said verdict of the jury was left off the order book at the December term by oversight of the clerk. The said motion of defendant to set aside and expunge from the record said order is overruled, to which defendant excepts."

An unusual question of practice is thus presented. There is no reference to the verdict of the jury or as to the final disposition of that body; no motion for a new trial, no bill of exceptions nor motion in arrest of judgment. However, the learned attorney for the Commonwealth construed the appeal to be in the nature of such a motion. Under the common law any error apparent upon the face of the record could be reached by such a motion. Bishop's New Crim. Procedure, vol. 2, secs. 1265-6. But under our statute such motion must be made in the lower court during the term in which judgment is rendered, and then it only raises the question as to whether the facts stated in the indictment constitute a public offense within the jurisdiction of the court. Criminal Code, secs 276-7.

In this case the indictment was sufficient in that respect and the motion was not made in the lower court, hence it does not apply.

It follows that if appellant is to secure any relief it can be allowed only on the ground that the judgment entered on December 10, 1921, was void, and that he could appeal from it or properly enter a motion at the subsequent term to set it aside and appeal from the order overruling that motion.

Section 335 of the Criminal Code provides: ''An appeal shall only be taken on a final judgment except on behalf of the Commonwealth.'' Section 763 of the Civil Code provides that ''a void judgment shall not be reversed or modified by the Court of Appeals until a motion to set aside or modify the judgment shall be made in the inferior court and overruled,'' and as to civil cases this has been followed in the decisions of this court. There is no such provision in the Criminal Code, and as a void judgment may be attacked in any proceeding either directly or collaterally we can perceive no reason why this defense should not be considered on a direct appeal.

Indeed, in a civil case it has been held that ''the parties may waive objection to the hearing of an appeal from a void judgment before a motion made in the trial court to set aside, by failing to remove or dismiss the appeal.'' Brown, etc. v. Vancele, etc., 14 Law Rep. 821.

However, the appellant also adopted the practice provided by section 763 of the Civil Code, *supra*, and has appealed from the order entered at the November, 1922, term overruling his motion to set aside the judgment. This procedure was sanctioned by this court in the case of Bramblett v. McVey, 91 Ky. 151, and we feel that either of the methods adopted by appellant is sufficient to give the court jurisdiction of the matter.

The next question to be considered is, was the judgment sentencing appellant void? If merely erroneous or irregular it could not be considered under the state of the record. The jury ascertain and by their verdict declare the guilt or innocence of the accused and in our court the extent of his punishment. The verdict is virtually the end sought in judicial proceedings and is the basis of all that follows after it is rendered, though it requires a judgment to carry it into effect. The judgment itself is merely the expression or declaration of the legal effect of the verdict, and it is unnecessary to draw a technical distinction between the words ''sentence''

and "judgment," as both follow the verdict and neither can exist without it, and any attempt to enter either in the absence of a verdict is a nullity. It is true that judgments of courts of general jurisdiction are not to be lightly assailed and every reasonable intendment and presumption will be indulged in their favor. But courts speak only by their records and when a record shows the absence of essential jurisdictional facts those facts cannot be supplied by presumption.

The writing inserted on the 29th of November, 1922, in Order Book No. 8 under date of December 27, 1921, purporting to be a verdict of the jury was in no sense a "*nunc pro tunc*" order. This was written in the order book months after court adjourned and the orders signed, and at a time when the circuit judge had lost all control over them and was a nullity.

On a return of this case the court may determine whether it can, from the record before it, properly enter a *nunc pro tunc* order showing the verdict of the jury. If this is done, the date it is entered should be accepted as the date of the final order in the case for the purpose of taking an appeal, and appellant given an opportunity to renew his motion for a new trial and to file bill of exceptions.

If it cannot be done the court should set aside the judgment as void and award appellant a new trial.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.