# Huckabee et al. v. Black Mountain Corporation.

(Decided January 14, 1930.)

JAMES S. GOLDEN for appellants.

B. M. LEE for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

The appellant, Fred Huckabee, while working in the mine of the appellee, Black Mountain Corporation, had his leg broken in an accident on November 4, 1926. He was taken to the hospital, and while there suffered another break while the fracture was mending. The

result was that he was confined to the hospital for more than four months, and it was eight months after he sustained the original injury before he could do any work. The permanent result of the injury was that his right leg was shortened an inch or more.

His employment was covered by the provisions of the Workmen's Compensation Act, and the accident was duly reported to the Compensation Board. An application for adjustment of the claim appears also to have been made. Some time thereafter an agreement was entered into between the parties, by which the corporation agreed to pay appellee $15 a week for 28 weeks, and other sums for partial permanent disability, the whole aggregating $910. This agreement was on form No. 9, provided by the Compensation Board. After the full amount had been paid Huckabee, he filed a motion with the board "to reopen this case and to grant to him a hearing and trial herein because of a mistake made in the settlement of this case," the mistake alleged being that he had been led to believe that he was receiving under the agreement an amount equal to that which he would have received through the Workmen's Compensation Board, but that the sum he received was grossly inadequate. The board sustained his motion, and awarded the appellant compensation for 33 weeks at the rate of $15 per week, and 300 weeks at the rate of $3 per week. On an appeal to the circuit court that award was set aside, on the ground that Huckabee was bound by his agreement. From that judgment he and the board appeal.

It does not appear from this record that the agreement was ever submitted to or aproved by the Workmen's Compensation Board. It is argued by appellee, however, that it must be presumed to have been so approved because of the use of the word "reopen" in the motion for a review and the treatment of the case by all parties as though it had been consented to. The clerk's certificate of the transcript is that the record is the entire record in the case as certified to the circuit court by the Workmen's Compensation Board and as it appears on file and record in his office. The certificate of the secretary of the board to the same effect is also in the record before us. We are not authorized to presume that this agreement was approved by the board.

The company, having relied on this settlement, should have affirmatively shown that fact, if it was a fact. The case must be tried on the record brought to this court.

We have not only the certificate of the clerk that the record is complete, but the established presumption of the performance of official duty. The rule in this respect is thus stated in Chapman v. Commonwealth, 199 Ky. 204, 250 S. W. 844, 846:

> "It is true that judgments of courts of general jurisdiction are not to be lightly assailed, and every reasonable intendment and presumption will be indulged in their favor. But courts speak only by their records, and, when a record shows the absence of essential jurisdictional facts, those facts cannot be supplied by presumption."

In Bolling v. Pikeville National Bank, 213 Ky. 317, 280 S. W. 1090, although the judgment recited that an attachment was issued and levied, the record presented to this court did not contain an order of attachment or return showing a levy, and the recitation of the judgment being thus negatived, the case was decided on the premise that there had been no such procedure. We must also predicate this opinion on a similar hypothesis.

It is provided in section 4931 of the Statutes, relative to compensation for injuries to employees, that:

> "If the employee and employer reach an agreement conforming to the provisions of this act in regard to compensation, a memorandum of the agreement shall be filed with the board, and if approved by it, shall be enforceable in like manner as is herein provided for the enforcement of awards of the board. . . . Nothing shall operate as a final settlement except a memorandum of agreement filed with and approved by the board in accordance with this section or the expiration of the time limit hereinbefore prescribed in section 4914."

It is well settled that an employer coming within the terms of the Workmen's Compensation Act cannot relieve himself wholly of liability thereunder by a contract. Neither can he relieve himself in part, except with the approval of the board. This law becomes a constituent and controlling part of any agreement made respecting compensation for injuries received. When

it has been approved by the board, the agreement in effect becomes its award. Sawyer v. Lena Rue Coal Co., 217 Ky. 500, 289 S. W. 1107; Hatfield v. Billiter & Wiley 231 Ky. 736, 22 S. W. (2d) 129. When it has not been so approved, such settlement may be ignored, or, rather, considered as an agreement to voluntarily pay the sums stated, as is provided by sections 4914 and 4931 of the Statutes. The board may proceed to a hearing of the application for compensation the same as if there had been no such agreement, except that credit should be given for any amount paid under that agreement. International Coal & Mining Co. v. Nicholas, 293 Ill. 524, 127 N. E. 703, 10 A. L. R. 1010; Johnson et al. v. J. P. Taylor Co., 211 Ky. 281, 278 S. W. 169. Consequently the circuit court erred in its judgment holding Huckabee was bound by his agreement. There is no contention that the evidence was insufficient to sustain the award.

The judgment is reversed for consistent proceedings.