## Elkhorn Collieries Company v. Robinson et al.

(Decided April 22, 1930.)

WILLIAM M. DUFFY and DOUGLAS I. DAY, for appellant.

FRENCH HAWK and WILLIAM LEWIS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee Neal Robinson was working for the appellant on April 5, 1922, when he was seriously injured. The injury resulted in the amputation of his right leg and the bone of his left leg was fractured. They were operating under the provisions of the Workmen's Compensation Law (Ky. Stats., secs. 4880-4987). After the accident appellant made voluntary payment of compensation at the rate of $13 per week from the 14th day of April, 1922, up to and including September 6, 1922. These payments were accepted by appellee. Vouchers were also sent to him covering compensation from September 6, 1922, to January 3, 1923, and while appellee received these vouchers he did not attempt to cash them until December 11, 1924, and at that time payment was refused. On the 21st day of September, 1922, an agreement embodied in form 9 prepared by the Workmen's Compensation Board was forwarded to appellee by appellant which had been signed by the appellant at the time with the request in a letter accompanying this form that appellee should sign and return the agreement embodied in this form. It was thereafter signed by appellee and was forwarded to the Workmen's Compensation Board at Frankfort, but the Board returned it advising that form 7 had not been filed and that form 9 could not be accepted until form 7 should be submitted.

On January 18, 1923, appellee filed a suit at common law against appellant seeking damages by reason of the accident of April 5, 1922. This action was transferred to the United States District Court and was finally dismissed in January, 1928, for the want of prosecution. In June, 1927, appellee filed an application before the Workmen's Compensation Board asking for compensation. This is the only application filed by him before that Board. Upon consideration of his application the Board

awarded compensation. A petition for review was filed in the circuit court by appellant, and the award of the Workmen's Compensation Board was approved by the circuit court.

On this appeal the Statute of Limitation is relied on by appellant, as it was in the court below and before the Workmen's Compensation Board, and appellant also relies upon the admitted fact that appellee filed a suit at common law which appellant claims was an election to so prosecute his remedy and that he thereby forfeited his right to compensation. Form 9 which was signed by both parties and sent to the Workmen's Compensation Board was an agreement to pay compensation for an indefinite time.

Counsel for appellee insist that the provisions of the Workmen's Compensation Law should be liberally construed for the benefit of the employee. We agree that this is true, and such has always been the construction placed on that law by this court, and the court has no disposition to depart from such construction. But can the court ignore positive directions found in the law governing these matters? Appellee was seriously injured and there is no doubt that he was entitled to compensation in accordance with the provisions of the law. By the provisions of section 4914, Ky. Stats., no proceeding for compensation shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable about the happening of the injury, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident, or in case of death within one year after such death. The concluding sentence of that section of the statute is as follows: "If payments of compensation as such have been made voluntarily the making of a claim within such period shall not be required, but shall become requisite following the suspension of such voluntary payments."

There is no question that voluntary payments were made and they were made as compensation. This obviated the necessity of making any claim for compensation on the part of the appellee. But if such voluntary payments ceased, then the making of the claim at once became requisite, and it must have been made within one year after the voluntary payments ceased. In this case they ceased on January 3, 1923, but if it should be considered that they did not cease until the refusal to pay

the vouchers issued prior to that-time, in December, 1924, still no claim was made until 1927. The requirement of written claim within one year is mandatory. Wilburn v. Auto Exchange, 198 Ky. 29, 247 S. W. 1109. The filing of the claim with the employer within a year would have been sufficient. Ames Body Corporation v. Vollman, 199 Ky. 358, 251 S. W. 170. But no claim was made so far as this record discloses until claim was filed with the Workmen's Compensation Board in 1927. There is no claim of fraud which prevented appellee from making claim. In the late case of J. R. Kirk & Maryland Casualty Co. v. Sullivan, 213 Ky. 154, 280 S. W. 925, it was held that the liberal construction provided by section 4987, Ky. Stats., did not require a construction which would set aside a plain provision of the statute requiring that claim for compensation must be filed within a year.

It is regrettable that appellee has suffered an injury for which he was entitled to compensation, and that through his own conduct in failing to make claim he has deprived himself of that to which he would have been entitled. It is not the fault of the law, but solely the fault of appellee.

Some contention is made that it was the duty of appellant to make a report of the accident, and as that was not done the failure of appellee to make claim should be excused. The failure of appellant to make a report to the Workmen's Compensation Board, if it did so fail, had nothing whatever to do with the failure of appellee to file his claim. When the voluntary payments ceased he was placed on notice that he must make a claim for compensation within twelve months thereafter. This he failed to do, and the courts are without the power to grant him any relief.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.