## Jones' Adm'x v. Black Mountain Corporation.

(Decided June 23, 1933.)

J. B. SNYDER for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Mrs. Isom Jones, as administratrix of the estate of Howard Jones, deceased, brought this action against the Black Mountain Corporation to recover for his death. The facts stated in the petition are briefly these: Prior to May 5, 1931, plaintiff's intestate had been and was in the employment of the defendant as clerk in a store at Kenvir, Harlan county, Ky., and there had been a strike in the mines of the defendant, and much disorder and bitterness existed toward the corporation and its officers by former employees, who had been discharged and had formed mobs in and around the town of Evarts. The defendant was employing new employees in place of the discharged men, and on May 5, 1931, a truck belonging to it was sent through the town of Evarts to Verda to move to the defendant's place a newly employed man. The defendant well knew that the removal of such a person through the town of Evarts was dangerous and would necessitate a

large guard of men and directed James Daniels, a deputy sheriff in charge of the guarding of the defendant's property, to summon a posse of men and take them to Verda and guard the truck back through the town of Evarts. Under the directions of the defendant's officers, Daniels summoned a posse of men, including the deceased, Howard Jones, to go to Verda and guard this truck back through the town of Evarts. The defendant well knew that the posse summoned by Daniels at its direction, which consisted of ten men, would be outnumbered ten to one and negligently sent such an insufficient force to Evarts, well knowing the danger, and when the posse reached Evarts they were fired upon by the mob and Howard Jones was killed by reason of the negligence of the defendant and its failure to inform him of the danger of the expedition, which was well known to it and unknown to him. The defendant then filed answer pleading, among other things, that Jones and the defendant had both accepted the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.) and pleading the acceptance of that act in bar of the suit to recover damages for Jones' death. The plaintiff by her reply alleged in brief that the defendant and its agents had full knowledge of all that occurred on May 5, 1931, and were under the duty to report the facts within one week thereafter to the Workmen's Compensation Board and this it did not do, and had failed to do up to May 4, 1932, when the petition was filed; that the plaintiff had no means of ascertaining whether the deceased had accepted the provision of the Workmen's Compensation Act, the only record of the same being in the possession of the defendant; that the failure of the defendant to report the accident to the Compensation Board willfully misled the plaintiff in the belief that the deceased had not signed the compensation register and was not under the same at the time of his death, and relying upon the acts of the defendant for nearly a year she had brought the action for damages on that account; that she was misled by the act and conduct of the defendant and the defendant was estopped to rely on the Compensation Act. The defendant moved the court to dismiss the case for want of jurisdiction. The court sustained the motion and dismissed the action. The plaintiff appeals.

By section 4882, Kentucky Statutes, no action may be maintained against the employer by an employee

where they have accepted the provisions of the Workmen's Compensation Act. The employer is released from all other liability whatsoever. By section 4914 no proceeding under the act for compensation shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof, and a claim for compensation must be made within one year after the date of the accident. By section 4944 every employer must keep a record of all injuries received by his employees in the course of their employment, and within one week after the occurrence and knowledge thereof, as provided in section 4914 of an injury to an employee, a report thereof shall be made in writing and mailed to the board. Under the statute the representatives of the deceased could have filed their claim with the board within one year after the injury. Ky. Stats. sec. 4914.

It is earnestly insisted that the defendant is estopped to rely upon the Workmen's Compensation statute, for the reason that it did not make its report to the board as provided by section 4944. But the plaintiff does not show that she was in any wise misled by the defendant. She knew of the occurrence as well as the defendant. She alleges that she did not know that the deceased had accepted the Workmen's Compensation Act. But she does not allege that she inquired of the defendant or that it misled her in any wise by its words. It made no statement to her at all; she made no inquiry of it. She knew that Jones was in the employ of the company and that it had long worked under the Workmen's Compensation Act.

No estoppel arises in a case like this from the mere silence of the defendant unless called upon to state the facts. The plaintiff having full knowledge of the occurrence had no right to wait upon the defendant to make a report, and having been misled by the defendant in no way, cannot now maintain that the defendant is estopped to rely upon the statute.

"In order to constitute this kind of estoppel there must exist a false representation or concealment of material facts it must have been made with knowledge, actual or constructive of the facts; the party to whom it was made must have been without knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it

was made must have relied on or acted upon it to his prejudice.'' 21 C. J. p. 1117, sec. 122.

All other questions are reserved.

Judgment affirmed.