### Edgemont Fuel Co. v. Patton.

(Decided Nov. 23, 1934.)

FRANK C. MALIN and J. B. CLARKE for appellant.

OSCAR P. BOND for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Tom Patton then in the employment of the Edgemont Fuel Company, was injured by an explosion occurring in the company's mine on May 23, 1930. The company reported the accident to the Workmen's Com-

pensation Board May 24, 1930. Patton filed his application for adjustment March 20, 1931. On May 5, 1931, the following order was entered on the records of the board:

"On motion of plaintiff it is ordered that this case be and the same is dismissed without prejudice."

On May 2, 1933, Patton filed a motion with the board to reopen the case. This motion in the form of an affidavit, accompanied by the statement of two physicians, recited his injury, and alleged that "he is now, and has been since the date of same, totally disabled and is informed by his physicians that such disability is permanent"; that when his case was called for hearing (about April 28, 1931) the company induced him to discharge his attorney and enter into an agreement for a settlement of the case without hearing proof as to the nature or extent of his disability; that the company caused him to be taken to Louisville, where he was examined by a physician of the company, who either "by mistake or with deliberate intent to defraud" informed him that he would be well in six months from that date. He also claims at the time of the settlement, due to poor physical and mental condition, he was not capable of making a settlement, and that the company, then knowing his condition, carried on the negotiations and closed the matter by paying him a lump sum of $2,-800; that he has not been paid reasonable compensation for his injury, because of the fraud and misrepresentation practiced upon him by the company. The statements of both physicians describe Patton's condition on May 2, 1933, and agree that Patton was totally and permanently disabled.

On June 10, 1933, the company filed a response to Patton's motion to reopen, in which it denied every allegation made by Patton. The company also set up and relied on the order of May 5, 1931, dismissing Patton's claim, asserting that it had never been set aside; that no award had been made in the case, and no payment of compensation, voluntary or otherwise, within one year prior to the filing of the motion to reopen; hence the lapse of one year barred Patton's right to have the case reopened, or to take any steps in the matter. The board on June 20, 1933, sustained Patton's motion and reopened the case for the purpose of hearing further proof on the extent and duration of Patton's disability, reserving the right to pass upon the question of limita-

tion presented by the company's response. On the following day Patton filed a motion and supporting affidavit, seeking to have the board require the company to file forms 9 and 18, which were settlement and release forms.

In this affidavit Patton says that at the time of making the settlement (about May 15, 1931) he signed and delivered to the company the two forms, for the purpose of having them filed with the board. He then, on advice, alleges that the company is withholding said forms and wrongfully failing and refusing to file them with the board, for the purpose of relying on the defense of limitation; that, if the forms had been filed, the company could not successfully raise that defense. To these motions the company filed response in the form of a motion to set aside the reopening order of June 20, 1933, and objected to the motion to require it to file forms 9 and 18, on the ground that the case had been dismissed more than one year before Patton's motion to reopen, and that there was no case before the board. The company's motion to set aside the June 20, 1933, reopening order was set for September 19, 1933, and on that day the board entered the following order:

"The motion of defendant to set aside the order entered herein on June 20, 1933, is sustained and said order of June 20, 1933, reopening this case is hereby set aside and held for nought. It appears from the record that on plaintiff's own motion this case was dismissed without prejudice on May 5, 1931, consequently there was no case pending before us to reopen."

On September 28, 1933, Patton moved the board to "reconsider that portion of their order entered on September 19, 1933, overruling plaintiff's motion to require defendant to file with the Board forms 9 and 18, because the filing of said forms is made mandatory by sec. 48 of the Act," regardless of whether or not there is a claim pending before the Board. On December 5, 1933, this motion was overruled.

The above is a fair resume of the records of the Compensation Board, filed in the Floyd circuit court on the petition of Patton December 19, 1933, in which he was plaintiff and the Company along with the members of the board were defendants.

In the petition of Patton the injury of May 23, 1930, is reiterated as is the filing of his claim on March 20, 1931. Then follow in succession the allegations of his affidavit in support of his motion to reopen the case before the board, except that in regard to the settlement between himself and the company he alleges that the company required of him that he dismiss his claim before they entered into a final settlement, after a tentative offer of approximately $2,500, and that, relying on their promise of settlement, he did dismiss his claim. He then says that, after the order of dismissal had been entered, he agreed with the company as to the amount of compensation to be paid ($2,800), and upon payment he executed forms 9 and 18, which he delivered to the defendant company to be forwarded to the board.

Patton reiterates the allegations of his affidavit filed with the board on his motion to reopen, and says that he "made a showing of fraud as required by sec. 21 of the Act [Ky. Stats. sec. 4902], which was sufficient to require the Board to reopen the case," and that in response to his motion the company undertook to set up the defense of limitation, because more than one year had elapsed since the injury, or since the last payment, and says, that he and his attorney then made an investigation and found that the company had, in order to deprive Patton of his right to reopen the case, failed to file forms 9 and 18 with the Board, that upon this discovery he made his motion to compel the company to file the forms, and that thereafter the board overruled his motion to reconsider the order of September 19, 1933, setting aside the reopening order of June 20, 1933. He insists that the board erred in failing to require the company to file forms 9 and 18, and in holding they had "no jurisdiction to reopen the case after the order of dismissal"; that he was barred by limitation, when fraud has been shown "as it had in that record."

Patton then prays that the cause be reviewed by the court and an order entered directing the board to set aside the order of December 5, 1933, and other orders, in so far as they attempt to hold the defendant should not be compelled to file the forms; that plaintiff is barred by limitation from reopening this case, and that the board be ordered and directed by the court to compel the company to file the forms with the board.

To the petition were interposed motion to strike and general demurrer, but the court seems not to have

ruled on either, and it may be assumed that both were waived by the filing of an answer without reserving the benefit of either the motion or demurrer. By the answer of the company every allegation of Patton's petition was denied in like terms and words, except it is admitted that Patton dismissed his case on May 5, 1931; was disabled for a short time after the accident, and, admitting the execution of forms 9 and 18, denied that they were delivered to it to be forwarded to the board. The lower court ordered the board to reopen the case and to direct the company to file forms 9 and 18.

There is no dispute whatever as to dismissal of his claim by Patton, and it is clear from the record that there is no fraud alleged or shown as to the procurement of the dismissal. All that is claimed with relation to that is that, upon a dismissal, the company would pay approximately $2,500. Patton has heretofore made no attack on the order of dismissal, and his suit can in no wise be construed as such an attack. This order was entered May 5, 1931. His next step was taken about May 2, 1933, lacking just a few days of being a two-year interim, and that step was the motion to reopen his case on the grounds of change of condition and alleged fraud. This resulted in the order of June 20, 1933, reopening the case to consider change of condition, but reserving the question of limitation. Upon a survey of the record, particularly the motion and affidavit to reopen, it seems clear that there was not sufficient showing to authorize a reopening, since all allegations of fraud were specifically denied and no proof was offered. Patton did not make a strong case for reopening, though of this question the board was the sole judge and had the right to exercise its discretion. Trout v. Fordson Coal Co., 225 Ky. 372, 9 S. W. (2d) 109. The fact is Patton alleges in his affidavit that the settlement was made, notwithstanding defendant then knew his condition, and that he was at that time totally and permanently disabled.

As to whether the board after Patton's dismissal of his claim had any jurisdiction is the only issue in this case. It is apparent from the whole record and from the judgment of the court that Patton by his efforts in the circuit court and finally before the board sought only to have the company compelled to file forms 9 and 18.

Patton's contention is that it is mandatory that

forms 9 and 18 be filed with the board for approval, and that nothing operates as a final settlement of compensation cases without the approval of the board. As to the latter part of the foregoing clause it may be, as is held in many cases, that an employer cannot relieve himself of liability by contract; that when an agreement is entered into and settlement made thereunder without approval of the board, such may be ignored and disregarded as an agreement or settlement. Huckabee v. Black Mountain Corp., 232 Ky. 599, 24 S. W. (2d) 299, and cases cited.

Counsel for appellee cites the case above and numerous others as holding that it is mandatory that forms 9 and 18 be filed with the board. The cases mentioned seem clearly to hold that it is necessary that agreements should be filed for the board's approval, if the parties desire the agreement to become an award and be final as between themselves.

Counsel argues further that section 4931, Kentucky Statutes, makes it mandatory that the forms be filed whether a case is pending before the board or not. The cases cited as authority by appellee, as well as other cases, do not hold or tend to hold as contended, because in each and every case cited there was a claim pending before the board, and it will be observed that one or the other, and in some cases both forms were filed with the board. In the Huckabee case form 9 was filed. There appears to be no case so far as has been observed where it has been distinctly held that it is mandatory that forms 9 and 18 be filed with the board, and certainly no case wherein it has been held that the filing of the forms is mandatory whether a matter be pending or not, and, under the pleadings, the circumstances, and conditions as shown in this case, the conclusion may well be reached that the section of the statute above referred to does not mandatorily require that forms 9 and 18, in the absence of a pending claim, be filed with the board. It would be futile and useless to require the filing thereof, when because of the dismissal of the case, the board had nothing before it.

It appears that no move was made in Patton's case for nearly two years after the agreement and resultant settlement were made. It may be suggested that the section quoted by appellee relating to the filing of agreements, would preclude the board from now receiving the forms, because in that section after providing

544

that an agreement filed and approved by the board shall be enforceable as an award, the section provides:

"Nothing herein shall prevent the voluntary payment of compensation in the amounts and for the periods herein prescribed without formal agreement, but nothing shall operate as a final settlement except a memorandum of agreement filed with and approved by the board in accordance with this section or the expiration of the time limit hereinbefore prescribed in section 4914." Section 4931.

The time limit referred to in section 4914 is one year, with relation to the filing of a claim after an injury as well as after voluntary payments have ceased, and appellee by his pleading, or so much thereof as seeks to have the forms now filed, treats the $2,800 paid in May, 1931, as a voluntary payment.

Here we have a case of two parties agreeing to settle; the appellee perhaps desiring a lump sum payment rather than to have the payments strung out over a period of years; the appellant, no doubt, desiring the same end. They meet and in absence of any fraud, then present, as far as is developed, agree tentatively on the approximate lump sum. One of the conditions of the tentative, and of course ultimate, agreement was that the case be dismissed. The case is dismissed on motion of the injured party, and the settlement is consummated. Two years after dismissal of his case the injured party seeks to do indirectly what he might have done directly only within one year thereafter, that of again filing claim, and this indirect gesture made on grounds of change of conditions not satisfactorily shown, and on grounds of alleged fraud specifically denied, neither proven nor attempted to be proven.

Patton does not plead ignorance of his duty as to the filing of the forms in question. He executed them, and says he delivered them to the company to be forwarded to the board. He made no attempt to learn whether or not the forms had been filed until two years after the agreement. This failure to look closer into the matter does not savor of the exercise of care on his part to such an extent as to relieve the court of the notion that perhaps he was not so desirous in May, 1931, or in the interim, that the forms should be filed. But speculation is useless; it is sufficient to say that the appellee dismissed his case. The order of dismissal is

still in effect. There is nothing before the board upon which it can or might act, at least in so far as this record discloses. This being so, the court below was in error in remanding the case to the board directing it to enter an order requiring defendant to file forms 9 and 18 and suggesting such other proceedings as might seem proper to the board.

The judgment is reversed, with directions to enter an order dismissing plaintiff's petition.