## Miracle v. Marshall et al.

(Decided Dec. 7, 1937.)

R. S. ROSE for appellant.

N. R PATTERSON for appellees.

Opinion of the Court by Creal, Commissioner—
Dismissing appeal.

Dan Miracle instituted this action against Tom
Marshall, deputy sheriff of Bell county, J. W. Ridings,
sheriff of Bell county, and Ed Shackelford, a justice of
the peace of that county, and the sureties on their offi-
cial bonds, seeking to recover damages for an alleged as-
sault upon him by Marshall and for his trial and impris-
onment by Shackelford; it being unnecessary for the
purposes of this appeal to set forth at length the allega-
tions of his petition as amended.

At the January term of the Bell circuit court and on
the 16th day of January, 1936, the following order was
entered:

"The defendants having filed a demurrer to the
petition as it is amended, and the court having
considered the same, and being advised, sustains the
demurrer.

"The court is of the opinion that the pleadings

do not state facts, sufficient to state a cause of action, as to the Sheriff being in collusion with the magistrate or the respective sureties; nor does the petition or amended petition state sufficient facts to constitute a cause of action as against the Sheriff or his sureties—To which ruling of the court the plaintiff excepts and prays an appeal to the Court of Appeals which is granted."

After plaintiff had perfected his appeal by filing the record in the clerk's office of this court, a motion was made by the appellees to dismiss the appeal because the order appealed from was not a final judgment or order. In the statement of appeal accompanying the record, it is stated that the judgment appealed from was rendered by the Bell circuit court at its January term, January 16, 1936, and appears on page 11, of the record. The above-quoted order is on that page of the record. Thereafter, appellant entered his motion for time to perfect the record and to file an additional record, and the additional record has been tendered. The motion to dismiss the appeal and the motion to file the additional record which were passed to the merits are now before us for consideration. The additional record offered to be filed consists of a copy of an order entered at the September term, 1936, of the Bell circuit court, and after the appeal had been prosecuted. The order recites, in substance, that plaintiff renewed his motion theretofore made and sustained at a former term that final order be made and there be added to the judgment theretofore entered that plaintiff objects and excepts to the order sustaining the demurrer to the petition as amended, and that there be added to the judgment the words, "The plaintiff declines to further plead and his petition is dismissed to which action and rule of the court plaintiff excepts and prays an appeal to the Court of Appeals which is granted." This order is accompanied by a copy of an affidavit filed in the lower court by counsel for appellant.

It has been held by this court that the trial court has power after an appeal has been prosecuted and is pending to correct a mere clerical misprision in the action, and that this court may and will consider an additional record, noting a modification, or amend a judgment to correct such misprision. Speed's Ex'rs v. Hann, 17 Ky. (1 T. B. Mon.) 16, 15 Am. Dec. 78; Williams, Receiver v. Thompson, 80 Ky. 325; Chambers et

al. v. Swango, 59 S. W. 20, 22 Ky. Law Rep. 923, and authorities cited in the latter opinion.

Section 519 of the Civil Code of Practice provides, in substance, that proceedings to correct misprision of the clerk shall be by motion upon reasonable notice. We assume from the procedure followed after the appeal had been prosecuted that counsel for appellant treated the failure to make the order appealed from a final judgment or order as a clerical misprision, but there is nothing in the original or in the additional record offered indicating that it was asked or intended at the time of its entry that the order appealed from should be anything more than it is on its face; an order sustaining a demurrer to the petition as amended.

In Combs et al. v. Deaton et al., 199 Ky. 477, 251 S. W. 638, it was held, in effect, that a clerical misprision which is a fraud or mistake perpetrated by the court can only be corrected from data appearing from the face of the record, and not from memory of the judge or clerk of the court, nor upon parol evidence. To the same effect, see Brashears v. Brashears, 110 S. W. 303, 33 Ky. Law.Rep. 233. In Covington v. Scott, 8 Ky. Op. 138, 139, it is said, in substance, that a clerical misprision may be corrected upon motion where there is anything by which to correct it appearing in the record, but when a judgment or order actually directed or rendered is correctly entered, then it can in no case be treated as a clerical error or misprision. If the order entered after the appeal and shown by the additional record offered to be filed was meant to be a nunc pro tunc order, then we find the rule to be that such an order may not be entered after the expiration of a term on mere affidavits as to what occurred at the trial, and that such an order may only be entered where there is record evidence on which to base it. See Lancaster Electric Light Co. v. Taylor, 168 Ky. 179, 181 S. W. 967, Ann. Cas. 1918C, 591; Rogers v. Biggstaff's Ex'r, 176 Ky. 413, 195 S. W. 777; In Chapman v. Com., 199 Ky. 204, 250 S. W. 844, it was said, in effect, that if a verdict omitted from the record may be properly entered by nunc pro tunc order, then the entry of such order for the purpose of appeal should be treated as the date of the final order.

Since the order appealed from was not final, the court had power at the same or in subsequent terms to enter a final order or judgment, but there is no author-

ity for this court to review a judgment entered after the appeal or any judgment other than that appealed from; and in the state of the record and the light of the authorities cited, we are constrained to hold that the order appealed from could not be modified so as to make it final by the order appearing in the additional record or otherwise.

Wherefore, the motion to dismiss the appeal must be, and is, sustained.