## Langhorne & Langhorne Co. v. Newsome et al.

Feb. 25, 1941.

520

Joseph D. Harkins for appellant.

C. P. Stephens and W. Claude Caudill for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

On May 7, 1936, Sanford Newsome, while working for the Langhorne & Langhorne Construction Company, received an injury which resulted in a hernia on his right side. Both parties were operating under the Workmen's Compensation Act. Newsome was treated for his injury and was paid the sum of $42.12 by the appellant Company as compensation from May 14, 1936, to June 25, 1936. At the time of this payment the Compensation Board's Forms 18 and 9 were executed; the former is a settlement receipt and the latter is an agreement form. The first form does not show the date of its execution. It bears the notation that it was received by the Workmen's Compensation Board on July 15, 1937. It is the contention of the Company, however, that this form was signed on June 26, 1936, the time of the payment of the agreed compensation, and we think the record warrants this conclusion. Newsome went back to work for the Company and continued with it until their work in Floyd county was completed.

On July 12, 1937, Newsome filed an application for adjustment of his claim with the Board on Form 11. On July 15th, at the request of the Board, the Company's insurance carrier forwarded Form 7, Employer's

Report of the Injury, and also Form 18, the Settlement Receipt, together with the motion to dismiss the application on the ground that Newsome had made no claim against the Company within one year from and ensuing May 12, 1936, or June 26, 1936. The Board had had no notice or record of the case until July 15, 1937. On August 3rd, the Board entered an order construing the motion to dismiss the appeal and the forms heretofore mentioned as an agreement for the payment of $42.12 and as so construed approved the agreement. Kentucky Statutes, Section 4931. The Board further directed that the case be reopened, and docketed for trial and hearing upon the showing made. This action was apparently taken under Section 4902 of the Statutes. Subsequent developments resulted in the Board overruling a motion for a full Board review on March 21, 1939, and the adoption by the full Board of the opinion of the Referee providing that the Company offer to provide for Newsome an operation for hernia, as well as compensation for total disability following the operation in the sum of $7.02 a week, and in the event he refused the operation, then compensation at the full amount for 52 weeks from May 7, 1936, with a credit for the $42.12 heretofore paid to him. The Company appealed to the Floyd circuit court, and the ruling of that court sustained the opinion and award of the Board; hence this appeal.

The principal ground urged for reversal is that Newsome's claim is barred by limitation. Section 4914, Kentucky Statutes.

All of the members of the Court except Judge Perry, who is absent, have studied this case carefully, and we fully appreciate the circumstances and grounds upon which the Board made the award in favor of Newsome. However, all of those considering the case, with the exception of the writer, are of the opinion that the judgment must be reversed, since to hold otherwise would require that the cases of Edgemont Fuel Co. v. Patton, 256 Ky. 538, 76 S. W. (2d) 284; Jones' Adm'x v. Black Mountain Corporation, 250 Ky. 163, 61 S. W. (2d) 1050; Elkhorn Collieries Co. v. Robinson, 234 Ky. 24, 27 S. W. (2d) 393; and Huckabee v. Black Mountain Corporation, 232 Ky. 599, 24 S. W. (2d) 299, be overruled or modified drastically. Were the case one of first impression, the ruling of the majority of the Court would propably be otherwise.

Newsome was absent from work for more than a day following his injury on May 7th. That fact should have been reported to the Board by the appellant in accordance with Section 4944 of the Statutes; but it was said in the cases of Elkhorn Collieries Co. v. Robinson and Jones' Adm'x v. Black Mountain Corporation, supra, that the failure on the part of the employer to report an accident does not estop him from relying upon other provisions of the Compensation Act. The failure on the part of the employer to report the accident had nothing to do with Newsome's failure to make his claim for compensation within the time provided by Section 4914 of the Statutes.

In the Patton case, supra, it was held that, where no claim is pending before the Board, the filing of settlement and release forms (18 and 9) with the Board is not mandatory. The same forms are involved in the case now before us. There was no matter pending before the Board involving Newsome and the appellant; and, therefore, there was nothing upon which the parties could enter into a settlement agreement. The payment of the $42.12 to Newsome was in effect a voluntary payment on the part of the appellant. Were the Court to hold otherwise, it would be necessary for us to say that the payment of the amount involved and the execution of the receipt by Newsome would constitute a settlement agreement coming within the provisions of Section 4931 of the Statutes, when, in fact, there was no matter pending before the Board. Such a ruling would be in direct conflict with the Patton case, and, as indicated above, the Court is not now prepared to overrule that case.

Wherefore, the judgment is reversed with directions to set it aside and to remand the case to the Board for appropriate proceedings.

Whole Court sitting except Judge Perry.

Judge Cammack dissenting.