**LOW MOISTURE COAL CO. et al. v. VANDIVER.**

Court of Appeals of Kentucky.

May 22, 1953.

Rehearing Denied Oct. 2, 1953.

James M. Graves and Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellants.

Vert C. Fraser, Providence, for appellee.

CAMMACK, Justice.

J. R. Vandiver received a compensable injury while working for the Low Moisture Coal Company, in November, 1948. The Company immediately began paying Vandiver compensation for temporary total disability. A more liberal adjustment was made in the allowance for medical expenses. After paying compensation for temporary total disability for a period of 56 weeks, a settlement was concluded between the parties under which it was agreed that Vandiver was no longer totally disabled, and that he had a 27.5 per cent permanent disability to the body as a whole. An agreement was entered into under which the compensation was paid in a lump sum. The settlement was concluded in January, 1950, approximately one year and two months after the date of the injury.

No claim for compensation had ever been filed by Vandiver with the Board, nor was any memoranda of the settlement agreement filed with it by either of the parties. In May, 1951, approximately one year and four months after the date of the settlement, Vandiver filed a motion before the Board, asking to have the case reopened. In June, 1951, the Board entered an order dismissing the motion on the ground that there was no agreement or award or anything pending before it which would warrant the reopening of the case. A few days later Vandiver filed a motion asking that the Board reconsider his case. In July, the Board entered its final order and again held there was nothing pending before it to be reopened, and also that it was not mandatory for either party to file the settlement agreement referred to. Vandiver appealed to the Webster Circuit Court and that court directed that, since Vandiver had alleged that an agent of the Company had assured him that he would have two or three years to reopen his case should it develop that he had suffered a greater disability than that for which he had been paid, thereby perpetrating a fraud upon him, the Board had erred in refusing to grant his motion to have his case reopened. The Court further directed that the case be referred back to the Board for it to set aside its judgment and orders and grant Vandiver a hearing. There was the further direction that both parties should be given an opportunity to produce evidence on the question.

We are of the opinion that the trial court properly disposed of the case. In reaching this conclusion we are not unmindful of the contrary holding in the case of Edgemont Fuel Company v. Patton, 256 Ky. 538, 76 S.W.2d 284, and the similar holding in the majority opinion in Langhorne & Langhorne Co. v. Newsome, 285 Ky. 519, 148 S.W.2d 684. It is true that there is the undenied charge of fraud in the case at bar which distinguishes it to some extent from the Patton case, but the Court,

as now constituted, feels that, under a state of facts such as those involved in this opinion, an injured employee has a right to have his case reviewed by the Compensation Board.

Judgment affirmed.