PRINCESS ELKHORN COAL COMPANY, Appellant,

v.

Benton OUSLEY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 2, 1962.

Rehearing Denied May 1, 1962.

Howard, Francis & Howard, Prestonsburg, for appellant.

W. W. Burchett, Prestonsburg, for appellee Benton Ousley.

WADDILL, Commissioner.

The crucial question presented on this appeal is whether the Workmen's Compen-

sation Board, in the absence of a finding of fraud, has jurisdiction to reopen a case (KRS 342.125) when no award or order has been entered in the case by the Board. We answer the question in the negative for the reasons assigned herein.

On May 20, 1955, appellee, Benton Ousley, sustained a serious injury while working for the appellant Princess Elkhorn Coal Company. Both parties had elected to operate under the provisions of the Workmen's Compensation Act. Appellant furnished appellee with medical treatment and paid him compensation for temporary total disability for twenty weeks.

On April 17, 1956, appellee filed an application seeking adjustment of his claim with the Workmen's Compensation Board. Subsequently, the parties and their attorneys agreed upon a settlement of the claim whereby appellee received $2540, evidently on the basis of a calculated 25% permanent partial disability to the body as a whole. At the time of this payment, compensation board forms 9, 18, and 19 were signed by appellee. Form 9 is used to record the terms of settlement; form 18 constitutes a settlement receipt; and form 19 is provided for the computation of a lump-sum settlement. Although these forms were executed they were kept in appellant's files and were not forwarded to the Compensation Board for approval. On the same day the settlement was reached, appellee and his attorney signed a motion to dismiss appellee's application for compensation and filed it with the Board. This motion was sustained and the claim ordered dismissed on January 8, 1957.

On March 17, 1960, appellee filed a motion and affidavits seeking to have his case reopened pursuant to KRS 342.125 on the ground of a change of condition. On April 25, 1960, he filed a supplemental affidavit in support of this motion alleging, in effect, that appellant had perpetrated a fraud by inducing him to enter into an agreement for a settlement of his claim through assurances that he would have five years within which to reopen his case and that the settlement forms would be filed with the Board. The Board determined that an issue had been raised by appellant's denial of appellee's charges, and following a hearing the Board reopened the case on the basis of mistake and change of condition and awarded additional compensation. The circuit court entered a judgment which in effect affirmed the decision of the Board.

Apparently, the Board and circuit court based their decision on the conclusions reached in Low Moisture Coal Co. v. Vandiver, Ky., 260 S.W.2d 395. In that case, which involved circumstances similar to those in the instant case, we said that a claimant was entitled to have the Board review his case to determine the question of whether the settlement had been obtained by fraud. In the instant case there has been no finding of fraud and it is doubtful whether the averments contained in the affidavits or the testimony introduced upon the hearing of the matter would have justified a finding of fraud. Burke v. Blair, Ky., 349 S.W.2d 836; Pospisil v. Miller, Ky., 343 S.W.2d 392. Consequently the Board erred in treating the unfiled settlement forms as an award which it could review under KRS 342.125. Edgemont Fuel Co. v. Patton, 256 Ky. 538, 76 S.W.2d 284; Langhorne & Langhorne Co. v. Newsome, 285 Ky. 519, 148 S.W.2d 684.

The record reflects that the application for compensation was dismissed by an order of the Board pursuant to appellee's request. This order was effective and therefore there was nothing pending before the Board upon which it could act. Appellee's contention to the contrary was rejected in Edgemont Fuel Co. v. Patton, supra.

We conclude that the Board was without jurisdiction to reopen the case.

The judgment is reversed with directions that the circuit court remand the case to the Workmen's Compensation Board for the entry of an order overruling the motion to reopen the case.