**BETH–ELKHORN CORPORATION et al.,**
**Appellants,**

v.

**Chester McFALL et al., Appellees.**

Court of Appeals of Kentucky.

June 9, 1967.

Harry C. Campbell, Pikeville, for appellants.

Thurman L. Hibbits, Pikeville, for appellee Chester McFall.

CLAY Commissioner.

This is an appeal from a judgment confirming an order of the Workmen's Com-

pensation Board which required appellant employer to reimburse the appellee employee for medical expenses he allegedly incurred.

The employee had prosecuted a claim for workmen's compensation against appellant and the Subsequent Claim Fund. On June 1, 1964, the Board entered an order reciting that the employee recover compensation of the defendant Subsequent Claim Fund, and also recover of "said defendant" medical, surgical and hospital expenses. (This latter part of the order was doubtless erroneous.) The order ends with the following recital:

"That plaintiff's application for adjustment of his claim for compensation be, and it is hereby dismissed and denied as against the defendant Bethlehem Mines Corporation."

About nine months later the employee filed a motion with the Board for an order requiring the employer to reimburse him for medical expenses. This motion was sustained and an award was given against the employer for these expenses. On appeal the circuit judge confirmed the latter order of the Board.

The employer takes the position that the Board had no authority to enter this order, and we agree. The claim against the employer had been dismissed by the final order of June 1, 1964. No award of any kind was granted against it. If this order was erroneous, and it probably was, it could have been corrected on appeal. No appeal was taken. The matter became res judicata as far as the employer was concerned. See Hysteam Coal Corporation v. Ingram, 283 Ky. 411, 141 S.W.2d 570. To this extent the Board had lost jurisdiction of the claim.

If there existed some remedy to set aside the order of June 1, 1964, it was not pursued. If the employee's motion for reimbursement of medical expenses be considered as a motion to reopen under KRS 342.125, there was nothing to reopen. Insofar as the employee and the employer were concerned, there was nothing pending before the Board upon which it could act. The order of dismissal was final and effective. Under such circumstances we have held that the Board lacked jurisdiction to reopen. Princess Elkhorn Coal Company v. Ousley, Ky., 356 S.W.2d 37. See also Edgemont Fuel Co. v. Patton, 256 Ky. 538, 76 S.W.2d 284.

It was error for the circuit court to confirm this award.

The judgment is reversed.

All concur.