# Stearns Coal & Lumber Co. v. Whalen.

(Decided Nov. 17, 1936.)

TYE, SILER, GILLIS & SILER for appellant.

G. W. HATFIELD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Kyle H. Whalen, on June 26, 1929, while employed by the Stearns Co-operative Coal Company, received injuries in an accident arising out of and in the course of his employment, which resulted in the loss of his left foot. The appellant, Stearns Coal & Lumber Company, is the successor of the Stearns Co-operative Coal Company, and has assumed all the obligations of the latter arising under the Workmen's Compensation Act (Ky. Stats. 1930, sec. 4880 et seq.). The employer provided medical attention, nursing, and hospitalization for the injured employee at a cost to it of $755. It also made cash payments to him at irregular intervals, beginning August 16, 1929, and ending February 26, 1930, in a total amount of $509.98, and fur-

nished him an artificial limb for which it paid $135. On May 27, 1930, the employer and employee executed an agreement in writing on form 9 of the Workmen's Compensation Board, whereby it was provided that the employer should pay to Whalen, as compensation for his injury, $12 per week for 125 weeks. The agreement recited that the employer had paid $150 for medical services and $75 for hospital services, although it had actually expended $755 for these items. The agreement was filed with the Workmen's Compensation Board, and approved by it May 29, 1930. The agreement thus became, in effect, an award of the board. Ky. Stats. sec. 4931; Black Mountain Corporation v. Middleton, 243 Ky. 527, 49 S. W. (2d) 318; Sawyers v. Lena Rue Coal Co., 217 Ky. 500, 289 S. W. 1107.

On May 27, 1930, the day on which the agreement was executed, the appellee signed a settlement receipt made out in accordance with form No. 18 of the Workmen's Compensation Board, in which he acknowledged the receipt of $1,500, in settlement of his claim. This receipt was forwarded to the Workmen's Compensation Board, and received by it on May 28, 1930. On November 13, 1934, Whalen filed a motion with the Workmen's Compensation Board to reopen the case on the ground that the agreement executed May 27, 1930, had been procured by fraud and misrepresentation, and did not correctly set out the facts; that instead of having lost a foot only, his leg was amputated midway between the ankle and the knee; and that the compensation alleged to have been agreed upon was an amount less than is provided by the act for the injuries sustained by him. He also claimed that the sum of $1,500 was not paid to him as recited in the receipt, but that he had received only $830 in cash and an artificial limb which cost $50. The Workmen's Compensation Board overruled appellee's motion to reopen the case on the ground that the compensable period had expired, and limitations had run as to his right to have the amount of compensation increased on the ground that his injuries were greater than those stated in the agreement approved by the board. As to his claim that he had not received the sum of $1,500, the amount agreed upon, the board was of the opinion that it was not the proper forum to enforce the award. After the Workmen's Compensation Board refused to reopen the case, the appellee, on January 23, 1935, instituted an action against appellant in the Mc-

Creary circuit court to recover the amount which he alleged was due under the agreement executed May 27, 1930. By a stipulation filed April 16, 1935, it was agreed that the action should be treated as a proceeding under section 4939, Kentucky Statutes, to enforce an award of the Compensation Board. By agreement of the parties, certified copies of the agreement and the receipt, both dated May 27, 1930, were filed. The circuit court found that there was an unpaid balance of $535 due on the agreement which had been approved by the Compensation Board, and it was adjudged that the plaintiff recover that amount with interest from May 27, 1930.

The admitted facts, pertinent to the issues raised, are that the employer and employee entered into an agreement for compensation at the rate of $12 per week for 125 weeks, or the total sum of $1,500, for the loss of a foot. This agreement was on form 18, and was approved by the Compensation Board. The employee signed a receipt, dated May 27, 1930, which recited that he had received the sum of $320.02, making in all, with weekly payments already received by him, the total sum of $1,500, in settlement of compensation under the Workmen's Compensation Act. He had actually received, however, only $830 in cash and an artificial limb for which the employer paid $135, or a total of $965. The employer had paid $755 for medical services, nursing, and hospitalization, but unless these payments were made at the request of the employee, with the understanding that they should be deducted from his weekly payments, they cannot be credited on the compensation award. In Stearns Coal & Lumber Co. v. Vanover, 262 Ky. 808, 91 S. W. (2d) 518, 519, it was said:

"The purpose of the Workmen's Compensation Act is to give the employee or his dependents compensation, and if the employer is permitted to pay out sums for medical, surgical, and hospital treatment in excess of his statutory liability, and compel the employee or his dependents to pay them out of the compensation awarded, it will often result in their receiving but little compensation, and the purpose of the statute will be defeated. The danger of lack of attention is much less than the danger of having the compensation consumed by excessive fees for medical and hospital treatment. It seems to us, therefore, that the employer who pays out sums in

excess of his statutory liability does so at his own risk and may not have them credited against the compensation.''

In a stipulation signed by the parties by their attorneys, after setting out the amount in cash and its equivalent received by appellee, it was stated:

"That in addition thereto and before the execution of said settlement receipt, said Companies paid and expended upon surgical and medical care and hospitalization of the plaintiff the sum of $755.00 in a good faith effort to save the life of the plaintiff and effect his cure, and while the plaintiff did not expressly request the same, yet he received same and the benefits thereof without objection or protest, and he signed said settlement receipt reciting that the sum of $1500 had been paid to him.''

It is clear from this stipulation that the employer voluntarily incurred the expense for medical and hospital treatment in excess of the statutory amount, and that there was no agreement or understanding at the time they were furnished that the excess should be deducted from the amount of compensation to which the employee was entitled. The settlement receipt properly construed does not constitute an agreement by the employee to assume the payment of the expense of medical and hospital treatment incurred by appellant in excess of the statutory amount.

The appellee insists that he could not make a binding contract in this respect, thus reducing his compensation, in view of section 4889, Kentucky Statutes, which provides that "no contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein provided"; but, be this as it may, we are convinced that he can attack the receipt on the ground that it does not truly state the facts or that it was obtained by fraud or misrepresentation. The Compensation Board never approved the payment of less than $1,500, the amount stipulated in the settlement, which, in effect, became an award of the board when approved by it. The receipt indicated on its face that the full amount of the settlement had been paid.

Appellant argues that the employee's only remedy

was to reopen the case under section 4902, Kentucky Statutes, during the compensable period. In so far as the amount paid on the award was concerned, there was no order of the board to be changed and no relief it could grant. If the award of the board had not been complied with, the employee's only remedy was to proceed under section 4939, Kentucky Statutes, which reads:

"Any party in interest may file in the circuit court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the board or of an order or decision of the board, or of an award of the board unappealed from, or of an award of the board rendered upon an appeal, whereupon said court shall render judgment in ac cordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court."

The purpose of this statute is to enable the employee to enforce the award by obtaining a judgment upon which an execution can be issued. If the employer claims that the compensation had been paid in accordance with the award, the circuit court, in an action to enforce the award, is the proper forum in which to try that issue. The appellant cites certain cases in support of its contention that this action is barred by limitations, but all of the cases cited deal with applications by interested parties to review awards of the board. The applications were made under section 4902, Kentucky Statutes. In construing that section, it has been held that the application for a review of an award must be made within the compensable period. Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169. This is not a proceeding under section 4902, however, but is an action to enforce an award under section 4939, and no applicable statute of limitations has barred the action.

Appellant also insists that the order of the Workmen's Compensation Board refusing to reopen the case is res adjudicata as to this proceeding, but it is in error in this contention, since the order did not have any bearing on the question as to whether or not appellant had paid the full amount of compensation.

The judgment is affirmed.