# Sweeney v. Kentucky State Highway Department.

September 29, 1950.

J. C. Carter, Jr., Judge.

H. K. Spear for appellant.

A. E. Funk, Attorney General, and John C. Talbott, Assistant Attorney General, for appellee.

CLAY, COMMISSIONER—Affirming.

While employed by appellee, one William P. Moore was drowned. Appellant, his grandmother, sought workmen's compensation as a dependent. The Board sustained appellee's plea of limitations, and also determined that appellant had failed to prove her dependency. The Russell Circuit Court sustained the order of the Board.

We think the first ground sufficient to dispose of this controversy. The grandson met his death on June 10, 1946. Claim for compensation was not filed until March 30, 1948. The limitation period is one year under KRS 342.270.

504

In the answer filed by appellee, the statute of limitations was pleaded as a bar to appellant's claim. After appellant had taken proof, the Board "overruled" this plea. Thereupon appellee objected and excepted to such order, and moved the Board to reserve its right to re-enter and re-plead this matter at the conclusion of all the proof. Apparently no action was taken on this motion, but when the case was finally submitted, the Board ruled that the limitation period constituted a bar to the claim.

Appellant first contends that the action of the Board in overruling the limitation plea was a final adjudication, and, therefore, it could not reconsider the question and make a different ruling on the final submission of the case. We can find nothing whatever in this argument. The first order had the same effect as a court decision sustaining a demurrer to a pleading. It was obviously not a final order. It did not dispose of the merits of the case, nor did it adjudicate the ultimate rights of the parties. See Harrison v. Stroud et al., 150 Ky. 797, 150 S.W. 993.

Acting in a quasi judicial capacity, the Board has control of cases pending before it the same as a court. Until a final adjudication of the controversy on its merits, the Board has power to reconsider any of its orders and to take any action justified by the record, regardless of previous rulings. In this particular case, the question of whether or not appellant's claim was barred by limitations could not properly be determined until after the proof for both parties was taken. The Board was not shackled to its preliminary ruling, and had authority to enter the final order.

Appellant's next contention is that the limitation plea should not have been sustained on its merits. She argues that appellee did not finally reject her claim until June, 1948, and that she had a year from that time in which to file her application with the Board. This contention is based on decisions of this Court to the effect that the limitation period of one year runs from the date of the parties' disagreement. See Scott Tobacco Co. v. Cooper et al., 258 Ky. 795, 81 S.W.2d 588, and Russo et al. v. Leckie Collieries Co. et al., 269 Ky. 641, 108 S.W.2d 661. However, appellant's own testimony shows that her claim was rejected by appellee

when first presented, and at no time were any negotiations in progress by which she was misled with respect to its payment.

She stated that sometime during the month her grandson met his death she went to see a representative of appellee on two occasions. She stated that this representative refused absolutely to give her any compensation, and would not recognize her claim. The limitation period began to run at least from that time. See Carbide & Carbon Chemicals Corporation v. Cook et al., 304 Ky. 63, 199 S.W.2d 983. The Board found as a fact that no negotiations with appellee were in progress, and ruled that the statutory period of one year barred her claim. There is nothing in the record which would justify us in reversing this finding or such ruling.

Having reached the above conclusion, it is unnecessary to consider the question of whether or not appellant proved herself to be a dependent.

The judgment is affirmed.