**KENTUCKY WORKMEN'S COMPENSA-TION BOARD et al., Appellants,**

v.

**Louis C. HAUNGS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 11, 1963.

Rehearing Denied Jan. 24, 1964.

Ben K. Wilmot, Frankfort, for appellants.

Gavin H. Cochran, Stanley Benovitz, Louisville, for appellees.

PALMORE, Judge.

The question here is whether a claim pending before the Workmen's Compensation Board can be dismissed "with prejudice" without approval of the Board. We hold that it cannot.

KRS 342.265, which deals primarily with settlement agreements, provides that "nothing shall operate as a final settlement except a memorandum of agreement filed with and approved by the board," etc. The obvious policy and purpose of this law is to discourage the making of settlements except under the protective supervision of the Board. It requires very little perspicacity to recognize at once that this objective would be utterly defeated if claimants were permitted simply to dismiss with prejudice as a matter of right. Legitimate, board-approved settlements would soon disappear in the wake of bootleg agreements carried out under cover of voluntary dismissals.

We do not hold, of course, that the claim cannot be dismissed voluntarily. But the Board, as a representative of the public, has a substantial interest beyond that of a mere nominal party, Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S.W. 533, 47 A.L.R. 789 (1925), and in this capacity it has the authority to prevent such a dismissal's having the effect of a permanent and irrevocable waiver.

The judgment is reversed with directions that the cause be remanded to the Workmen's Compensation Board for further proceedings.