Luther WHITIS, Appellant,

v.

O. P. LINK HANDLE COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

April 24, 1964.

H. K. Spear, John G. Prather, Somerset, for appellant.

Brown, Tooms & Helton, London, for appellees.

CULLEN, Commissioner.

Luther Whitis appeals from a judgment affirming an order of the Workmen's Compensation Board which denied his claim for compensation on the ground that the claim had not been filed within one year after the cessation of voluntary payments, as required by KRS 342.185 and 342.270

Whitis was injured early in January 1961 and was off work until January 30, a period of three weeks. His employer's insurance carrier gave him a check, early in February, constituting compensation for three weeks' temporary total disability. Thereafter nothing happened until June 1963, when Whitis filed with the Workmen's Compensation Board a claim for compensation for permanent partial disability.

Whitis maintains that by virtue of the provisions of the last sentence of KRS 342.265, limitations did not run against his claim. That sentence is: "No limitations of time shall begin to run until the date upon which such agreement [an agreement between the employer and employe in regard to compensation] is filed with and approved by the board."

Whitis testified on the hearing of his claim that at the time the check for temporary total disability was given to him,. he signed a release. He contended that this constituted an "agreement" within the meaning of KRS 342.265. However, there was evidence to the contrary and the board found as a fact that no release was signed. This finding, on conflicting evidence, cannot be disturbed by the courts.

Whitis now argues that the mere payment to him of compensation for three weeks' temporary total disability, without anything in the way of an understanding as to whether he would receive any further compensation, constituted an "agreement" within the meaning of KRS 342.265. The board did not find any merit in this argument, nor do we. KRS 342.265 expressly recognizes that voluntary payments of compensation may be made without formal agreement, and it is clear that the statute contemplates suspension of limitations only where an agreement has been reached (but not filed and approved) that purports to fix the compensation liability. There was nothing in the way of an agreement, in the instant case, as to whether Whitis would or would not be paid anything in addition to the one check.

Whitis makes a further contention that no motion for full board review ever was made and therefore the opinion of the referee, holding that the claim was not barred by limitations, should stand. One answer to this is that a referee, on his own, does not have any power to make an *order* granting or denying a claim. Therefore, the hearing by the full board in the instant case could be considered an *initial* hearing by the full board, as distinguished from a *review* by it, in accordance with KRS 342.275 and 342.280. Another answer is that even if the referee's opinion had been given the necessary approval to make it a valid order under KRS 342.275 (which

fact is not shown by the record), the filing of "Exceptions to the Order of Referee" by the employer could properly be treated by the board as the equivalent of a motion for full board review (the board did so treat it). Cf. Sweeney v. Kentucky State Highway Department, 313 Ky. 503, 232 S. W.2d 1018.

The judgment is affirmed.