James SKAGGS, Appellant,

v.

**WOOD MOSAIC CORPORATION, Liberty Mutual Insurance Company, and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

March 29, 1968.

Rehearing Denied June 28, 1968.

John F. Stewart, Louisville, for appellant.

William D. Grubbs, Louisville, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

CULLEN, Commissioner.

In August 1966 James L. Skaggs filed a claim with the Workmen's Compensation Board seeking an award of compensation for total permanent disability alleged to have resulted from an accident that occurred in August 1961 while he was in the employ of the Wood Mosaic Corporation. The board dismissed the claim as barred by the limitation statute, KRS 342.185. On appeal to the circuit court judgment was entered upholding the board's order. Skaggs has appealed from that judgment.

Under KRS 342.185 a claim for injury must be filed within one year after the date of accident, or if voluntary payments of compensation have been made, within one year following suspension of such payments. However, in KRS 342.265 it is provided that if the employe and employer "reach an agreement" in regard to compensation a memorandum of the agreement shall be filed with the board, and "No limitation of time shall begin to run until the date upon which such agreement is filed with and approved by the board." The sole contention of Skaggs on this appeal is that he and his employer had entered into an agreement in March 1962 under which he was paid compensation for partial permanent disability, which agreement never was filed with or approved by the board, wherefore the statute of limitations did not run against his filing of a claim. The employer admits making the payment of compensation in 1962 but contends there was no "agreement" and the payment therefore was "voluntary," so that limitations against the filing of the claim began to run after the payment was made. The controlling issue is, then, whether there was an "agreement" in 1962 within the meaning of KRS 342.265.

In the accident Skaggs suffered a severance of all four fingers of his left hand. The employer paid for medical treatments and hospitalization, and paid compensation for a period of total temporary disability. Then, in March 1962, the employer sent Skaggs this letter:

"Enclosed you will find a check for $228, and a second check for $3641.61. This makes a total of $3869.61.

"In accordance with the permanent partial disability of 95% to your hand as rated by Dr. Bisig, you are entitled to 150 weeks of compensation at the rate of $28.50 per week. This is in accordance with the Kentucky Workmen's Compensation Act.

(Here follow two paragraphs explaining how the employer has computed the amount of compensation to be paid.)

"This is the final and complete settlement of the permanent partial disability that you received from injury at work on August 1, 1961 to your left hand.

"If you have any further questions, please do not hesitate to contact me. Thank you very much."

Skaggs endorsed the checks and cashed them, but made no written acceptance of the settlement.

■ Prior to the 1960 amendment to KRS 342.265 (which added the provision suspending limitations if an agreement be made but not be filed and approved), this court had construed the statute to mean that payments under an unfiled agreement were "voluntary" within the meaning of the limitation statute, KRS 342.185, so the statute began to run when the payments ceased. See Langhorne & Langhorne Co. v. Newsome, 285 Ky. 519, 148 S.W.2d 684; Huckabee v. Black Mountain Corporation, 232 Ky. 599, 24 S.W.2d 299. The purpose of the 1960 amendment obviously was to coerce employers to file and obtain approval of settlement agreements.

■ The statute seems clear. If an *agreement* is reached in regard to compensation, a memorandum of it must be filed. There is no magic about the word "agreement." It simply means a mutual understanding. Webster's New International Dictionary, Second Edition; Words and Phrases, Vol. 3. A contract is an agreement. Green v. Biddle, 21 U.S. 1, 8 Wheat. 1, 5 L.Ed. 547. In the absence of a statutory requirement it need not be in writing. Rogers-Siler Grocery Co. v. Pickrell-Craig Co., 190 Ky. 545, 227 S.W. 991. We do not construe the statute here involved as requiring that the agreement be in writing, at least so long as there is written evidence (such as the letter and cancelled checks in this case) for the "memorandum" which the statute says shall be filed.

We have here an offer by the employer of settlement accompanied with the tender of checks in the amount of the offer. The offer being for settlement of an *unliquidated* claim, the cashing of the checks by the employe amounted to an accord and satisfaction—a contract—an agreement. See Speckman v. Goldberg, Ky., 343 S.W.2d 577; Shawnee Sanitary Milk Co. v. Fulkerson's Garage & Machine Shop, 258 Ky. 639, 79 S.W.2d 229.

■ It is our conclusion that there was an agreement here within the meaning of the statute. Whitis v. O. P. Link Handle Company, Ky., 378 S.W.2d 612, is clearly distinguishable, because in that case the employer simply gave the employe a check for compensation for three weeks' temporary disability with no suggestion that it was all he intended to pay—nothing was agreed upon or even proposed to be agreed upon.

■ The plain purpose of the statute is that the board be given the opportunity to pass upon the terms of compensation settlements, and thus protect the interests of the workmen. It would frustrate the purpose of the statute if the court were to place a narrow interpretation upon the word "agreement".

The judgment is reversed with directions to enter judgment setting aside the order of the Workmen's Compensation Board and remanding the case to the board with directions to hear the claim.

All concur except OSBORNE, J.