**448**

Tim CARTER and Harlan Grissom d/b/a C & G Masonry, Appellants,

v.

Frank TAYLOR, Lloyd Evans Masonry, Honorable Thomas Shewmaker, Administrative Law Judge and Workers' Compensation Board, Appellees.

No. 89–CA–2259–WC.

Court of Appeals of Kentucky.

May 25, 1990.

Ronald L. Hampton, Glasgow, for appellants.

Robert E. Harrison, Scottsville, for Frank Taylor.

Carla T. Oakley Foreman, Louisville, for Lloyd Evans Masonry.

Thomas Shewmaker, Central City, for ALJ Thomas Shewmaker.

Before HOWARD, STUMBO and WILHOIT, JJ.

HOWARD, Judge.

The appellee, Frank Taylor, was an employee of C & G Masonry (hereinafter C & G). The Administrative Law Judge (hereinafter ALJ), and the Workers' Compensation Board found that Taylor was injured while working for C & G, and that C & G had reached a settlement with Taylor and Evans Masonry regarding compensating Taylor. Appellants now assert that no such settlement was ever reached.

C & G was serving as the subcontractor for Evans Masonry at the new Allen County Middle School site. Taylor was employed as a bricklayer and general laborer for C & G.

Taylor was struck in the head by a brick which fell off a scaffold at the project on October 6, 1987. Taylor returned to work after the injury on July 15, 1988.

C & G was uninsured for workers' compensation purposes. Evans Masonry was therefore joined as a party pursuant to KRS 342.610 which provides that the primary contractor will be held liable if its subcontractor fails to secure workers' compensation insurance.

A prehearing conference was held in this case on September 9, 1988. Around this time, settlement negotiations occurred between the parties. Appellees contend that a settlement was reached some time prior to October 31, 1988. Appellants deny that any settlement was ever reached.

The hearing of the case was scheduled for October 31, 1988, but was rescheduled to January 5, 1989, due to the illness of an attorney. On January 5, 1989, there was a discussion between the attorneys and the judge concerning the status of the case and the alleged settlement. C & G Masonry announced on this date that it would most likely be filing for bankruptcy. Due to Taylor's illness, the hearing was rescheduled again to January 12, 1989.

The hearing was held on January 12, but appellants were not present nor were they represented by counsel. Their counsel at that time had apparently resigned a short

time before this hearing. Evidence was presented at the hearing that appellants Carter and Grissom had each filed deeds conveying real property to their wives for $1 consideration on or near the date of this hearing. The ALJ heard evidence that the parties had reached an agreement concerning Taylor's compensation. No documents or letters outlining this agreement were presented however. The counsel for Evans Masonry presented her notes which contained the exact details of the settlement. Taylor's counsel moved the ALJ to approve this alleged earlier settlement. The judge adopted the terms of the settlement contained in Evans Masonry's counsel's notes. The judge also found that C & G was acting with unclean hands.

The Workers' Compensation Board upheld the ALJ's findings. The appellants have appealed, contending that there was never a settlement reached between the parties.

■ Appellants primarily contend that the provisions of KRS 342.265 were not complied with as the record is completely void of any evidence of a settlement between the parties. We agree with this contention.

KRS 342.265 governs the approval and enforcement of compensation agreements in workers' compensation cases.

> If the employe and employer reach an agreement conforming to the provisions of this chapter in regard to compensation, a memorandum of the agreement shall be filed with the administrative law judge, and, if approved by him, shall be enforceable as provided in KRS 342.305. Nothing herein shall prevent the voluntary payment of compensation in the amounts and for the periods prescribed in this chapter without formal agreement, but nothing shall operate as a final settlement except a memorandum of agreement filed with the administrative law judge and approved by the administrative law judge in accordance with this section. . . .

The question in this case concerns whether a memorandum of the alleged settlement was ever filed with ALJ as required by this statute.

The record in this case reveals the presence of no written documents or correspondence setting out the terms of the alleged settlement reached between the parties. The only record of this settlement is found in the notes from the September 9, 1988 prehearing conference compiled by Evans Masonry's counsel. Taylor's counsel at the January 15, 1989 hearing conceded to the ALJ that he had no letters or correspondence setting out the terms of the settlement. In this case, there appears to be nothing more than preliminary discussions concerning a settlement. Without some sort of written evidence of this settlement, the ALJ erred in finding that the requirements of KRS 342.265 had been met. The handwritten notes of one of the attorneys present at the prehearing conference do not suffice as a memorandum of the agreement filed with the ALJ.

While the requirements of this memorandum are not strict, Kentucky case law dealing with this statute and its predecessor show that there must be some concrete indication of the alleged agreement. The predecessor to the current statute required that the memorandum be filed with the Workers' Compensation Board rather than the ALJ, but besides this distinction, there are really no major differences in the new statute. In *Kentucky Workmen's Compensation Board v. Haungs*, Ky., 373 S.W.2d 724 (1963), the former Court of Appeals held that the purpose of filing such memoranda with the board is to discourage "bootleg" agreements and to insure fairness by having agreements come under the protective supervision of the board.

Appellees contend that *Skaggs v. Wood Mosaic Corp.*, Ky., 428 S.W.2d 617 (1968), supports their contention that the requirement of a filed memorandum was met in this case. In *Skaggs*, the Court held that the statute does not require a formal writing as long as there is some written evidence of the agreement. In that case, there was a letter setting out the terms of the agreement plus cancelled checks corresponding to the agreement. There exists no written evidence in the case at bar other than one attorney's notes. This case more

closely resembles *Whitis v. O.P. Link Handle Company, Inc.*, Ky., 378 S.W.2d 612 (1964), where the Court found that there was inadequate evidence of an agreement between the parties.

■ The appellees in this case have contended that the appellants cannot now raise any arguments concerning the alleged settlement because they waived their objections by not making them known to the ALJ. Appellees allege that the appellants did not comply with the provisions of CR 46 requiring a litigant to make known to the court the action which he or she desires the court to take on his or her objection to the court's action. We disagree.

The appellants and their counsel, along with all of the appellees and their counsel except Taylor, met with the ALJ at his office on January 5, 1989. Taylor was ill on that date so the hearing was rescheduled to January 12, 1989. At the January 5 meeting, however, the parties discussed the case with the ALJ, and appellants clearly noted their objections to the alleged settlement. They contended that no final settlement had ever been reached, and that they were not in a financial position to comply with the terms of the alleged settlement.

Appellants' counsel resigned after the January 5 meeting and before the January 12 hearing. Appellants did not attend the January 12 hearing. We think the arguments made by the appellants on January 5 to the ALJ were sufficient to comply with the requirements of CR 46 even though appellants did not attend the January 12 hearing. These arguments alerted the ALJ to the appellants' position.

In summary, as a matter of law, there was not an enforceable agreement pursuant to KRS 342.265 in this case. The evidence was insufficient to show the existence of such an agreement. This case is reversed and remanded to the Workers' Compensation Board for proceedings consistent with this opinion.

All concur.