# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\text{Supreme Court of Kentucky}$

2015-SC-000005-WC

CENTRAL BAPTIST HOSPITAL                                    APPELLANT


|                  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
| V.               | CASE NO. 2014-CA-001228-WC |
|                  | WORKERS' COMPENSATION NO. 12-73151 |


MARTY MAY;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                        APPELLEES


## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Central Baptist Hospital, argues in this workers' compensation appeal that the Administrative Law Judge ("ALJ") erred by not enforcing a settlement agreement entered into between itself and Appellee, Marty May, and that proof should have been reopened. For the below stated reasons, we affirm.

May suffered a work-related injury while employed by Central Baptist as a registered nurse in the Neo-Intensive Care unit. She filed for workers' compensation and a benefit review conference ("BRC") was scheduled. A week before the BRC, May submitted the reports of two physicians. Central Baptist was unable to depose those physicians before the final hearing was held.

However, after the BRC, the ALJ granted both parties thirty days to complete additional proof. Neither party submitted additional proof during this period. Central Baptist purportedly decided not to depose the physicians because it entered into settlement negotiations with May.

Central Baptist sent May's attorney, Don Todd, a Form 110. May rejected the initial settlement offer because she objected to certain language in the Form 110 and wanted to be paid a longer period of temporary total disability ("TTD") benefits. A revised Form 110 was sent to May in which Central Baptist would pay all reasonable, necessary, and related medical expenses and a longer period of TTD benefits. However, the revised Form 110 was sent to Todd's office while he was hospitalized.

On September 11, 2013, the ALJ entered an opinion and order which awarded May permanent partial disability ("PPD") benefits based upon an 8% impairment rating. The ALJ enhanced May's award by applying the three multiplier pursuant to KRS 342.730(1)(c)(1). TTD benefits were also awarded. The ALJ's opinion and order provided May with a greater award than what was proposed in the revised Form 110.

One day after the ALJ entered the opinion and order, on September 12, 2013, May signed the revised Form 110, albeit in the wrong spot. The next day, on September 13, 2013, May returned to Todd's office and re-signed the revised Form 110 in the correct spot. May did not discuss the revised Form 110 with Todd before signing it due to his hospitalization. The ALJ approved the settlement agreement on September 16, 2013. May did not know about the

2

ALJ's opinion and order when she signed, and re-signed, the revised Form 110 because of Todd's hospitalization. She only learned of the ALJ's opinion and order after Todd was released from the hospital. Upon hearing the details of the ALJ's opinion and order, May determined that she wanted to "accept" it and reject the settlement agreement.

Central Baptist subsequently filed a motion and affidavit to set aside the ALJ's opinion and order and to enforce the settlement agreement. Central Baptist also filed a petition for reconsideration arguing that the ALJ did not make sufficient findings of fact regarding the application of the three multiplier[1] and that it should be granted additional proof time to depose the two doctors May used to support her case.

The ALJ held a hearing in which May and Todd testified. Todd testified that the revised Form 110 contained all of the requested revisions, but also stated that May was unaware the ALJ rendered an opinion and award before signing the agreement. When asked why she signed the revised Form 110 if she did not agree with its terms, May implied she wanted the matter finalized and then stated, "I rejected the agreement because – how do I put this, because I agreed with the Judge's award . . . which was more money."

After the hearing, on January 30, 2014, the ALJ issued an opinion and order finding that there was no meeting of the minds as to the terms of the settlement agreement. The ALJ found:

---

[1] This issue has not been appealed to this Court and is not before us.

3

Based upon the sworn testimony of Mr. Todd, [May's] attorney, and also the plaintiff Mrs. May at the special hearing on December 18, 2013, I make the factual determination that it is uncontradicted that my Opinion and Order dated September 11, 2013 was rendered and served upon both attorneys before the plaintiff Mrs. May had the opportunity to discuss with her attorney, Mr. Todd, the revised Form 110 prepared by [Central Baptist's] attorney. The revised Form 110 was forwarded by [Central Baptist's] attorney to Mr. Todd's office during the time he was confined to the hospital for surgery. I make the factual determination that Mrs. May went to Mr. Todd's office on September 12, 2013 and signed the proposed settlement agreement on the wrong line. I make the factual determination that while Mr. Todd was confined to the hospital his office called Mrs. May to come back in and she returned to Mr. Todd's office on September 13, 2013 and signed the proposed agreement on the correct line, and I make the factual determination that when Mr. Todd was discharged from the hospital he contacted Mrs. May and she came back to his office on September 15, 2013, at which time they discussed the case in detail. Mrs. May told Mr. Todd that she did not accept the revised Form 110. Taking all of the evidence into consideration, I make the factual determination that there was no meeting of the minds as to the terms of the revised Form 110 and there was, therefore, no settlement agreement. In making the determination, I rely upon the above sworn testimony, the decision of Kentucky's highest court in *Skaggs v. Wood Mosaic Corporation*, 428 S.W.2d 617 (Ky. 1968), the decision of the Kentucky Court of Appeals in *Commercial Drywall v. Wells*, 860 S.W.2d 299 (Ky. App. 1993) . . .

Accordingly, on January 30, 2014, the ALJ denied Central Baptist's motion to set aside his original opinion and order of September 11, 2013 and denied the petition for reconsideration. Central Baptist then filed a petition for reconsideration of the January 30, 2014 opinion and order. This petition was denied. Central Baptist appealed to the Board which affirmed. The Court of Appeals also affirmed in a two-to-one opinion, with Judge Kramer dissenting without opinion. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a

4

different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* For the below stated reasons, we affirm the Court of Appeals.

## I. THE ALJ WAS WITHIN HIS DISCRETION TO NOT ENFORCE THE SETTLEMENT AGREEMENT

Central Baptist's first argument is that the ALJ erred by refusing to enforce the settlement agreement signed by May. KRS 342.265 states in pertinent part:

> (1) If the employee and employer and special fund or any of them reach an agreement conforming to the provisions of this chapter in regard to compensation, a memorandum of the agreement signed by the parties or their representatives shall be filed with the commissioner, and, if approved by an [ALJ], shall be enforceable pursuant to KRS 342.305.

This statute gives the ALJ an opportunity to review the terms of a settlement agreement with the purpose of protecting the interests of the worker. *Skaggs*, 428 S.W.2d at 619. Further, an ALJ "may look behind the settlement when an agreement appears not to be in the best interest of the worker, provided there is cause to do so." *Commercial Drywall*, 860 S.W.2d at 302. "To constitute

5

such a contract there must, of course, be a mutual assent by the parties – a meeting of the minds – and also an intentional manifestation of such assent." *Furtula v. University of Kentucky*, 438 S.W.3d 303 (Ky. 2014) (citing *Kellum v. Browning's Adm'r*, 231 Ky. 308, 21 S.W.2d 459, 463 (1929)).

In this matter, the ALJ's determination that the settlement agreement was not the product of a meeting of the minds is not unreasonable. May signed the revised Form 110 without knowledge of the ALJ's opinion and order and without the full counsel of Todd, who was hospitalized. After learning of the ALJ's opinion and order, May changed her mind on acceptance of the agreement. While under traditional contract law May is likely bound to her decision, the goal of workers' compensation is to fully redress a worker's injury. Additionally, as stated above, the ALJ may "look behind" a settlement if in the best interest of the worker. Thus, the ALJ was not unreasonable in finding that, based on May's lack of knowledge, there was not a full meeting of the minds and that she should not be bound by the settlement agreement. The ALJ's findings are not unsupported by the record and we decline to disturb his conclusions. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). The ALJ was within his discretion to exercise his authority under KRS 342.285. *Square D Co. v. Tipton*, 862 S.W.2d 308 (Ky. 1993).

## II. CENTRAL BAPTIST WAS NOT ENTITLED TO ADDITIONAL PROOF TIME

Central Baptist's other argument is that once the settlement agreement was rejected by the ALJ, additional proof time should have been provided. Central Baptist argues that it was prejudiced by not being able to take the

depositions of May's evaluating physicians. Central Baptist says that the award the ALJ rendered in this matter is unfair because it is based on the physician's testimony without cross examination. The physicians' depositions were cancelled once Central Baptist entered into settlement negotiations. We disagree.

The ALJ, as fact finder, has the authority to control the taking and presentation of proof in a workers' compensation claim to ensure a speedy and thorough resolution of the claim. *Dravo Lime Co., Inc. v. Eakins*, 156 S.W.3d 283 (Ky. 2005). Here, the ALJ gave Central Baptist until July 25, 2013, to complete its proof. Central Baptist instead chose to voluntarily cancel the depositions with the physicians upon their belief that May would enter into a settlement. Central Baptist was not compelled to cancel the depositions, and the ALJ did not abuse his discretion in denying additional proof-taking.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
CENTRAL BAPTIST HOSPITAL:

Guillermo Alfredo Carlos
James Burke Cooper


COUNSEL FOR APPELLEE,
MARTY MAY:

Donald Richard Todd