RENDERED: AUGUST 24, 2017
TO BE PUBLISHED

$\mathfrak{S}$upreme Court of

2016-SC-000406-WC

LARRY KIDD                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2015-CA-001239-WC
V.          WORKERS' COMPENSATION BOARD
NO. 13-WC-89060

CROSSROCK DRILLING, LLC;                          APPELLEES
HON. STEVEN G. BOLTON,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**OPINION OF THE COURT BY JUSTICE VANMETER**

**AFFIRMING**

When an employer and employee reach a settlement agreement with

respect to a worker's compensation case, proof of settlement must be filed,

either by memorandum or by satisfactory proof of settlement. At issue in this

case is whether the Administrative Law Judge ("ALJ") erred in failing to give

effect to a settlement agreement reached after the issuance of its Order and

Opinion, and raised in a petition to reconsider. We hold that the ALJ did not

err and therefore affirm both the Workers' Compensation Board and the Court

of Appeals. Larry Kidd now appeals to determine whether the ALJ should have

considered the terms of the settlement.

## I. FACTUAL AND PROCEDURAL HISTORY.

In late 2013, Kidd filed a claim alleging work-related injuries against his employer, Crossrock Drilling, LLC. Following a December 2014 hearing on the contested issues,[1] Kidd's attorney and Crossrock's insurance adjuster engaged in settlement negotiations. The ALJ and Crossrock's attorney were unaware of these negotiations. On February 24, 2015, the adjustor indicated agreement that Crossrock would make a $55,000 lump-sum payment with a waiver of vocational rehabilitation benefits. Kidd's attorney was to prepare appropriate settlement documents.

Four days prior, however, on February 20, the ALJ issued its opinion and award denying Kidd permanent partial disability, permanent total disability, and future medical benefits. The effect of the award was that Kidd was entitled to approximately $17,600 for temporary total disability. Kidd's attorney received the opinion and award on February 25.

Kidd timely filed a petition for reconsideration based on the settlement reached prior to receipt of the opinion. The ALJ denied the petition, concluding that Kidd failed to properly present the settlement by filing Form 110[2] or by presenting a verified motion to adopt the settlement agreement, thus the

---

[1] The contested issues were work-relatedness/causation; injury within the meaning of KRS Chapter 342; retention of physical ability to return to the same type of work performed at the time of injury; duration of temporary total disability; income benefits under KRS 342.730; unpaid or contested medical expenses; and extent and duration of benefit multipliers.

[2] The Department of Workers' Claims' standard form for settlement agreements.

settlement was outside the scope of a petition for rehearing. Both the Board and the Court of Appeals affirmed. Kidd now appeals.

## II. ANALYSIS.

The sole issue on appeal is whether Kidd properly preserved the issue of the alleged settlement agreement. The ALJ, the Board, and the Court of Appeals all held that Kidd did not properly raise this issue, and the ALJ did not err in declining to review the agreement.

The issue of correspondence constituting a settlement agreement in worker's compensation is not a new one. Kidd argues that this case fits within existing jurisprudence allowing correspondence to sufficiently memorialize a settlement agreement without a formal filing. *See Coalfield Tel. Co. v. Thompson*, 113 S.W.3d 178, 181 (Ky. 2003) (holding that KRS 342.265(1) does not require a formal document that is signed by the parties or their representative when correspondence between the parties clearly indicates the terms to which they have agreed, and the terms of the agreement are not asserted to be incomplete; the ALJ should then address "the substance of the agreement rather than its form[]"); *Skaggs v. Wood Mosaic Corp.*, 428 S.W.2d 617, 619 (Ky. 1968) (holding that an agreement is not required to be in writing "at least so long as there is written evidence (such as the letter and cancelled checks in this case) for the 'memorandum' which the statute says shall be filed[]"); *see also Hudson v. Cave Hill Cemetery*, 331 S.W.3d 267, 271 (Ky. 2011) (holding the essential terms of an agreement must be settled by the written evidence in order for the agreement to be complete: the agreement was

3

incomplete because the lump sum proceeds to be allocated to a Medicare Set-Aside Account had not been settled, and "[t]he allocation is an essential element of a settlement that includes such an account[]").

Kidd contends that the email correspondence between the parties is sufficient to memorialize the essential terms and that the ALJ erred in not considering the substance of the settlement. However, the issue is not whether the terms of the alleged settlement between Kidd and Crossrock's insurance adjustor were complete but rather whether this settlement was properly introduced into the record for the ALJ to consider at all.

By statute, in order for a settlement agreement to be enforced, it must be filed with and approved by the ALJ. Specifically,

> If the employee and employer ... reach an agreement conforming to the provisions of this chapter in regard to compensation, a memorandum of the agreement signed by the parties or their representatives shall be filed with the commissioner, and, if approved by ... an administrative law judge, shall be enforceable pursuant to KRS 342.305.

KRS[3] 342.265(1). "An agreement to settle a workers' compensation claim constitutes a contract between the parties. Once approved, an agreement to settle a claim becomes an award." *Whittaker v. Pollard*, 25 S.W.3d 466, 469 (Ky. 2000) (citing *Stearns Coal & Lumber Co. v. Whalen*, 266 Ky. 227, 98 S.W.2d 499 (1936)).

Although the omission of a Form 110 is not fatal to Kidd's claim, in its

---

[3] Kentucky Revised Statutes.

4

absence, Kidd was required to file a verified motion with the correspondence and sufficient documentation, which taken together, comprise a complete memorandum of agreement. *Skaggs*, 428 S.W.2d at 619; KRS 342.265(1). Kidd, however, never filed a verified motion; instead, he attempted to bring the correspondence into the record via his petition for reconsideration. As a result, the alleged terms of the settlement were never properly brought before the ALJ. In a petition for reconsideration, the ALJ is "limited in the review to the correction of errors patently appearing upon the face of the award, order, or decision[.]" KRS 342.281. The ALJ could not have examined the terms of the alleged settlement agreement when no verified motion or Form 110 was filed before him. We agree with the Court of Appeals that the ALJ and the Board properly declined to address this issue.

## III. CONCLUSION.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All sitting. Minton, C.J.; Hughes, Keller, VanMeter, and Venters, JJ., concur. Wright, J., dissents by separate opinion which Cunningham, J., joins.

WRIGHT, J., DISSENTING: I respectfully dissent, as I believe the ALJ should have treated Mr. Kidd's motion to reconsider as a motion to approve or enforce a settlement agreement. While the motion was not verified as required by 803 KAR 25:010 § 6(2), as it contained no sworn statements, this defect could have been easily rectified. I would also point out that this requirement is not found

5

in the statute granting jurisdiction, but rather, merely in an administrative regulation.

Mr. Kidd submitted the communications that formed the basis of the settlement agreement with his motion. All that was absent was his notarized signature. This is a classic case of form over substance. It serves neither the administration of justice nor the purposes of the Workers' Compensation Act. First, as a Court of Justice, it is better for us to resolve the issue on its merits rather than tossing it out because the motion was not verified. Second, as this Court has noted, we must be "mindful that the Workers' Compensation Act is social legislation which is to be construed liberally and in a manner consistent with accomplishing the legislative purpose." *Apex Min. v. Blankenship*, 918 S.W.2d 225, 229 (Ky. 1996). We have also acknowledged, "[a]lthough both the employee and the employer have rights under the Act, the primary purpose of the law is to aid injured or deceased workers." *Zurich Am. Ins. Co. v. Brierly*, 936 S.W.2d 561, 563 (Ky. 1996).

In keeping with the administration of justice and the purposes of the Act, I would reverse and remand to the ALJ. The ALJ should give Mr. Kidd an opportunity to submit an affidavit demonstrating the facts he alleges. The parties should then present evidence as to the existence of the alleged settlement agreement and the ALJ should hold an evidentiary hearing to determine whether the emails submitted by Mr. Kidd constituted a binding settlement agreement.

In this case, there would be no prejudice to the opposing side and the oversight is easily corrected. A missing signature should not deprive Mr. Kidd of $55,000 if, indeed, the settlement agreement is deemed valid. That result is not only unjust, but it flies in the face of our stated purposes for the Workers' Compensation Act: to aid injured workers. The legal arena should not be a large-scale game of "gotcha" where people win or lose based on technicalities.

Cunningham, J., joins.


COUNSEL FOR APPELLANT:

Glenn Martin Hammond
Matthew R. Hall
GLENN MARTIN HAMMOND LAW OFFICES, PLLC


COUNSEL FOR CROSSROCK DRILLING, LLC:

Timothy Joe Walker
Aziza Hanna Ashy
FOGLE KELLER PURDY, PLLC